# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Life Time, Inc., | Case No. 19-cv-02651-JNE-KMM |
| Plaintiff, | |
| vs. | **ORDER** |
| Cherrish Corporation, | |
| Defendant. | |

This matter is before the Court on plaintiff Life Time, Inc.'s motion to amend its Complaint to reflect the legal name of the defendant, which Life Time asserts is CYH.Com LLC, d/b/a Cherrish ("Cherrish"). Life Time also seeks its costs and fees. Cherrish, currently named in the complaint as "Cherrish Corporation," opposes this motion. After careful consideration, the Court determines that Life Time's motion to amend should be GRANTED as modified, and its motion for sanctions should be DENIED.

## I. Factual Background

This action arises out of a Sponsorship Agreement between Life Time and an entity identified in the agreement as "Cherrish," which listed a Washington state address. Life Time explains that an individual named Daniel Haggart executed the agreement on behalf of Cherrish. (Declaration of Patrick M. Fenlon, [ECF No.] Ex. 1 at 1.) When preparing its complaint, Life Time used the Washington Secretary of State business search database for the name "Cherrish," which returned two results: Cherrish Corp. and Cherrish (B), Inc. (Fenlon Dec. ¶ 3.) Both entities listed Daniel Haggart as their "governor," and Cherrish Corp. listed him as its registered agent. (*Id.* at Ex. 2.)

Using this information, Life Time identified the defendant as "Cherrish Corporation" in its complaint and issued a summons to the same. (ECF Nos. 1, 4.)

Process was served on Daniel Haggart, as the registered agent of Cherrish Corp., on October 8, 2019. (ECF No. 5.) Cherrish appeared and has thus far defended the case as Cherrish Corporation. It has filed motions and an answer as Cherrish Corporation, with no explicit indication that this was the incorrect party name. In its answer, Cherrish listed as affirmative defenses that "Defendant did not contract with Plaintiff," and "Plaintiff has failed to join necessary parties, including but not limited to the affiliates listed in the Sponsorship Agreement and the party who actually contracted with the Plaintiff." (ECF No. 11 at 11, ¶¶ 3, 5.) However, Cherrish did not expand upon these defenses or otherwise indicate that it was not a proper party to the lawsuit.

Similarly, in its interactions with the Court, Cherrish never indicated that it believed the wrong party had been named. Cherrish attended the Rule 26(f) conference and filed a Joint 26(f) report with the Court without suggesting that the wrong defendant had been named. (Declaration of Bret A. Puls, ECF No. 13 at ¶ 2.) Nor did Cherrish raise the issue during the Rule 16 conference with this Court held in early January. (*See* ECF No. 15.)

Instead, the first time Cherrish clearly indicated that it was not the appropriate party was in response to interrogatories. Life Time asked Cherrish the basis for its statement that "Defendant did not contract with Plaintiff." (Fenlon Dec. Ex. 4 at 5.) Cherrish responded, "The Complaint filed by Life Time, Inc., was filed against Cherrish Corporation, a nonexistent entity. The actual entity should be CYH.COM LLC d/b/a Cherrish." (*Id.*) The Washington Secretary of State business information listing for CYH.COM LLC does not identify any d/b/a for the entity. (Fenlon Decl. at Ex. 6.) However, Daniel Haggart, the governor and registered agent of Cherrish, is also identified as the governor and registered agent for CHY.COM LLC. (*Id.*)

The parties attempted to stipulate to an amendment, but negotiations ultimately broke down. Cherrish agreed to consent only if Life Time would permit Cherrish to waive service of the summons. (Fenlon Decl., Ex. 7 at 9.) Life Time disagreed that a new summons and complaint was necessary, but eventually offered to extend CYH.COM's deadline to respond to the amended complaint to 30 days. (*Id.* at 8.) Cherrish countered with a demand for 40 days to respond, which Life Time accepted. (*Id.* at 5–6.) However, the evening before the scheduling order's deadline for

amendments to the pleadings, Cherrish rescinded its stipulation, instead asking Life Time to issue a new summons and to push all pretrial deadlines back 90 days. (*Id.* at 2–3.) Life Time refused, and brought this motion.

II.     **Analysis**

Life Time seeks permission to amend its complaint under Rule 15 of the Federal Rules of Civil Procedure. It also seeks sanctions in the form of fees for bringing this motion. The Court finds that amendment is warranted, but that sanctions are not.

   A.     **Amendment**

Generally, when leave to amend is sought within the time permitted by the scheduling order, it should be freely given whenever justice so requires. Fed. R. Civ. P. 15(a)(2). In the case of motions to amend to change the name of a party, this rule operates in tandem with Rule 4(a)(2) and Rule 15(c)(1)(C). Rule 4(a)(2) permits a Court to amend a summons. Rule 15(c)(1)(C) creates a relation-back of the amendment to the original pleading when the party brought in by the amendment had notice of the action and knew or should have known that, but for the mistaken identity, the action would have been brought against it.

In addition, Life Time argues that the traditional misnomer principle should apply here. The Fourth Circuit has explained:

> The [defendant] corporation had the right to be accurately named in the process and pleadings of the court; and misnomer was properly raised by motion to dismiss .... When the motion was made, however, plaintiff, upon his request, should have been permitted to amend. What was involved was, at most, a mere misnomer that injured no one, and there is no reason why it should not have been corrected by amendment. The case is not one, as the judge below apparently thought, of an amendment which would bring the defendant into the case for the first time and might prejudice its right to rely on the statute of limitations.

*United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873–74 (4th Cir. 1947). The Eighth Circuit, more recently, noted that while "[the] misnomer principle is most

3

obviously appropriate in cases where the plaintiff has sued a corporation but misnamed it…, [b]ut the principle has been applied more broadly….” *Roberts v. Michaels*, 219 F.3d 775, 778 (8th Cir. 2000). This circumstance, Life Time argues, is one in which the principle should be broadly applied.

The Court agrees. The circumstances here largely mirror those in cases where the misnomer doctrine has been applied. For example, in *Roberts*, the plaintiff mistakenly named the president of the correct defendant as the defendant. The correct defendant had created this confusion by doing business under a fictitious name and compounded it by defending the lawsuit while using the wrong name. *Id.* at 777–78. Under such circumstances, the court found that it was appropriate to grant leave to file an amended complaint and amend the initial summons. *Id.* Other courts, faced with similar circumstances, have reached the same conclusions. *See Pears v. Mobile County*, 645 F. Supp. 2d 1062, 1083–84 (S.D. Ala. 2009) (finding that amendment was appropriate where mistake was made and the correct defendant clearly had notice of the proceedings).

Cherrish believes Life Time should be required to dismiss its complaint and re-file it because it is outside of the time permitted for service under Rule 4(m). It argues that Life Time unreasonably delayed its motion to amend. The Court does not agree with Cherrish's assessment of the facts. Cherrish's November answer to Life Time's complaint gave Life Time notice that something was amiss with the defendant named in the complaint, but did not clearly state that Cherrish was improperly named. The vague defense that Cherrish did not contract with Life Time could mean several things other than that it was not the correct defendant—Cherrish could have been arguing that the signatures were invalid, that an individual not actually representing Cherrish had signed it, or that the contract itself did not exist, for example. Life Time then sought discovery from Cherrish in order to better understand its vague defense. Once, in late January, it received Cherrish's interrogatory response clarifying the misnomer issue, Life Time timely acted to pursue an amendment. Rather than immediately bringing a motion to the Court, it instead acted prudently by seeking a stipulation. A month's delay between the first offer of compromise, eventually proven unsuccessful, and the filing of a motion is not unreasonable timeline. The Court will not penalize Life Time for attempting to solve this issue without court involvement, even if it did result in a minor delay.

Cherrish also half-heartedly argues that the proposed amendment would "likely" be futile due to failure to join certain parties, but fails to actually identify the parties or make any substantive argument as to their necessity. The Court is also unconvinced by Cherrish's argument that it "has been defending to date primarily on the basis that Plaintiff named the wrong party as the defendant." (Resp., ECF No. 27 at 3.) Instead of immediately filing a motion to dismiss the complaint based on the fact that the defendant was incorrectly named, Cherrish answered, participated in a Rule 26(f) and Rule 16 conference, and responded to discovery as though it was the appropriate defendant in this case.

Critically, neither Cherrish nor Life Time argue that dismissal of the complaint without prejudice under Rule 4(m) would lead to a statute of limitations issue. Therefore, whether the Court were to permit amendment or require Life Time to refile, the result would be essentially the same. The most efficient use of court resources, therefore, is to permit amendment. Here, Cherrish contributed to the confusion by defending the lawsuit, including appearing before this Court twice, as the entity it now claims is non-existent. Therefore, Life Time should be permitted to amend its complaint to reflect the correct defendant. Additionally, the summons will be amended so that CHY.COM, LLC, d/b/a Cherrish, will be deemed to have been served.

Finally, Cherrish requests a 90-day extension of the scheduling order deadlines and 40 days to answer the amended complaint. The Court finds that both extensions are appropriate, particularly in light of the delays that will inevitably arise as a result of the COVID-19 pandemic. Accordingly, the Court will extend the scheduling order deadlines by an additional 90 days across the board. Cherrish's deadline to answer the complaint will be 40 days from the date of the filing of Life Time's amended complaint.

### B. Sanctions

Life Time seeks the fees and costs that it incurred in preparing this motion and negotiating the failed stipulation. While the Court shares Life Time's frustration that the stipulation fell apart at the last moment, it does not find that Cherrish's actions

warrant an award of fees. The Court reminds both parties that this litigation is at its infancy, and it expects counsel to maintain a professional and amicable working relationship as the case winds its way to resolution.

## III. Order

Based on the foregoing, **it is hereby ordered**:

1. Life Time's Motion to Amend is **GRANTED AS MODIFIED**. Life Time shall file the Amended Complaint as attached to its motion as Exhibit A.

2. The case caption and the Summons (ECF No. 4) is amended. All references to "Cherrish Corporation" shall be replaced with "CYH.COM LLC d/b/a Cherrish."

3. The Clerk of Court **IS HEREBY DIRECTED** to issue an amended summons that conforms to this Court's Order. That summons need not be re-served on the defendant.

4. The deadlines in the Scheduling Order (ECF No. 16) are extended by 90 days from the date of this Order. The defendant shall have 40 days from the date of Life Time's filing of the Amended Complaint to file its responsive pleading.

5. Life Time's Motion for Sanctions is **DENIED**.

Date: March 26, 2020

*s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge